UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JUAN A. RODRIGUEZ,

                                Plaintiff,

               - against -                          **OPINION & ORDER**

KEVIN LAHAR,                           15-CV-3446 (CS)

                           Defendant.
--------------------------------------------------------x

<u>Appearances</u>:

Juan A. Rodriguez
Newburgh, New York
Pro Se *Plaintiff*

David L. Posner
McCabe & Mack LLP
Poughkeepsie, New York
*Counsel for Defendant*

<u>Seibel, J.</u>

      Before the Court is Defendant Kevin Lahar's Motion to Dismiss the Complaint of

Plaintiff Juan Rodriguez.  (Doc. 17.)  For the following reasons, the Motion is GRANTED.[1]

**I.**       **<u>Background</u>**

      For purposes of the instant Motion, I accept as true the facts, but not the conclusions, as

set forth in the Complaint.  (Doc. 1.)  In addition, I "must interpret the factual allegations of a

---

[1] Plaintiff has not opposed this Motion, and it appears that Plaintiff never received notice of it.  On February 10, 2016, the Court received a letter from Plaintiff updating the Court with his new address in Newburgh, New York. (Doc. 14.)  Since then, the Court attempted to mail a notice to Plaintiff, (*see* 2/16/2016 Docket Entry), and Defendant attempted to mail Plaintiff the motion papers related to the instant motion, (*see* Doc. 25), to the address provided by Plaintiff.  Both of these mailings were returned as undeliverable.  (3/3/2016 Docket Entry; Doc. 25.) Plaintiff must keep the Court updated with his current address in order to prosecute his case.  *See Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissal appropriate where plaintiff had no contact with the court or defendant for over two months and attempts to serve plaintiff with papers failed because the packages were returned to sender).

Copies of all unpublished decisions cited in this Opinion will be mailed to Plaintiff.

*pro se* complaint to raise the strongest arguments that they suggest." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks omitted).

Plaintiff brought this case on April 22, 2015 against several municipal and individual defendants. (Doc. 1.) On September 25, 2015, the Court dismissed all claims except Plaintiff's 42 U.S.C. § 1983 claims against Defendant Kevin Lahar in his individual capacity. (Doc. 9.) I will only discuss the facts relevant to the remaining claims against Defendant Lahar.

Plaintiff alleges that on March 12, 2015, at about 1:30 a.m., while driving in Newburgh, New York, he was stopped by Officer Lahar, a police officer with the City of Newburgh. (Doc. 1.) Plaintiff alleges that Officer Lahar asked him to step out of his vehicle because he was placing Plaintiff under arrest "for not having an interlock device installed in [his] car." (*Id.*) Plaintiff seems to allege that a judge had previously ruled that he did not have any "interlock restrictions," but that Officer Lahar jumped into Plaintiff's car anyway and tried to pull him out. (*Id.*) Plaintiff then apparently drove away and crashed his car. (*Id.*) Plaintiff alleges that Officer Lahar released his dog and "told him to bite [Plaintiff] on [his] leg," and attached to his Complaint photos showing bite marks on Plaintiff. (*Id.*) Plaintiff also alleges that Officer Lahar called him a "fucking sex offender" and "wrote [Plaintiff] every criminal charge he could think about including traffic tickets that [were] issued with no supporting deposition." (*Id.*) Plaintiff was indicted by a Grand Jury in Orange County on charges of criminal possession of a controlled substance, criminally using drug paraphernalia, resisting arrest and unlawful fleeing of a police officer. (Posner Aff. Ex. B.)[2] On June 15, 2015, Plaintiff pleaded guilty to resisting arrest and fleeing from a police officer in a motor vehicle. (*Id.* Ex. A, at 9:15-11:3.)

---

[2] "Posner Aff." refers to the affidavit of David L. Posner, (Doc. 18).

Plaintiff states that "Defendant Kevin Lahar falsely accused Plaintiff of selling drugs with charging Plaintiff with a[n] intent to sell charge [*sic*]," and that Plaintiff cannot walk and is in a wheelchair due to the dog bite.  (Doc. 1.)  Plaintiff appears to be alleging claims for false arrest and/or malicious prosecution, and excessive force against Officer Lahar in his individual capacity.

## II.    Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted).  While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief."  *Id.* at 679.  Deciding whether a complaint states a plausible claim for relief is "a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to

relief.'" *Id.* (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

**III.    Discussion**

A. <u>Failure to Properly Serve Summons and Complaint</u>

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(5), a defendant may move to

dismiss a case for "insufficient service of process."  Fed. R. Civ. P. 12(b)(5).  Defendant has

moved to dismiss all of Plaintiff's claims because Plaintiff personally, and thus improperly,

served the summons and complaint on Defendant, and because service was untimely pursuant to

the Court's Orders.  (D's Mem. 2-3.)[3]  "When a defendant raises a Rule 12(b)(5) challenge to the

sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *Mende*

*v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (internal quotation marks

omitted).

FRCP 4(c)(1) states:  "A summons must be served with a copy of the complaint.  The

plaintiff is responsible for having the summons and complaint served within the time allowed by

Rule 4(m) and must furnish the necessary copies to the person who makes service."  Fed. R. Civ.

P. 4(c)(1).  "Any person who is at least 18 years old *and not a party* may serve a summons and

complaint."  Fed. R. Civ. P. 4(c)(2) (emphasis added).  In addition, under FRCP 4(e)(1), service

"is considered proper if the person effecting service follows the law of the state where the district

court is located," which in this case is New York. *B.J.S. v. State Educ. Dep't/Univ. of State of*

*N.Y.*, No. 07-CV-456A, 2011 WL 3651051, at *5 (W.D.N.Y. Aug. 18, 2011), *report and*

---

[3] "D's Mem." refers to Defendant's Memorandum of Law in Support of Dismissal, (Doc. 21).

*recommendation adopted*, 2011 WL 4549192 (W.D.N.Y. Sept. 29, 2011).  Under the New York

Civil Practice Law and Rules ("CPLR"), "papers may be served by any person *not a party* of the

age of eighteen years or over."  N.Y. C.P.L.R. 2103(a) (emphasis added).  Thus, service on

Defendant was defective if Plaintiff himself served Defendant with the summons and complaint.

*See B.J.S.*, 2011 WL 3651051, at *5.

Plaintiff was given until February 8, 2016 to effect proper service of the summons and

complaint on Defendant.  (Doc. 13.)  In his Proof of Service, Plaintiff wrote that he himself

served the summons and complaint on October 30, 2015 and again on February 5, 2016.  (Doc.

15.)  Officer Brandon Rola has averred that he received legal papers directly from Mr.

Rodriguez, "who informed [him] that he was serving Sergeant Kevin Lahar with a summons and

complaint in a federal lawsuit," on October 30, 2015.  (Rola Aff. ¶ 1.)[4]  Plaintiff showed Officer

Rola his New York driver's license, confirming that it was he who was delivering the

documents.  (*Id.*)  Plaintiff also attempted to effectuate service by personally giving the summons

and complaint to Defendant's attorney on February 5, 2016.  (Posner Aff. ¶ 2; *see* Doc. 15 (proof

of service signed by Plaintiff and stating "summons was . . . made to the defendant Attorney . . .

in person by plaintiff").)

Although Plaintiff's complaint must be construed liberally because he is *pro se*, "*pro se*

litigants generally are required to inform themselves regarding procedural rules and to comply

---

[4] "Rola Aff." refers to the affidavit of Officer Brandon Rola, (Doc. 19).

In considering a motion to dismiss for improper service under Rule 12(b)(5), the Court may consider affidavits.  *See Carney v. Horion Inv*, 107 F. Supp. 3d 216, 222 (D. Conn. 2015) ("When deciding a motion to dismiss for lack of personal jurisdiction, the court may consider affidavits and other evidence submitted by the parties."); *Ahluwalia v. St. George's Univ.*, 63 F. Supp. 3d 251, 260 (E.D.N.Y. 2014) (plaintiffs can make *prima facie* showing of jurisdiction through affidavits and supporting materials on Rule 12(b)(5) motion to dismiss), *aff'd*, 626 F. App'x 297 (2d Cir. 2015) (summary order); *Koulkina v. City of N.Y.*, 559 F. Supp. 2d 300, 311 (S.D.N.Y. 2008) ("[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency [of service] of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction.") (alterations in original) (internal quotation marks omitted).

with them." *Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008) (internal quotation

marks omitted).  Because Plaintiff tried to serve Officer Lahar himself, his attempts at service of

the summons and complaint on October 30, 2015 and February 5, 2016 were in violation of

FRCP 4(c)(2) and 4(e)(1).  Accordingly, Plaintiff's claims are dismissed without prejudice

pursuant to FRCP 12(b)(5).  *See Zapata v. City of N.Y.*, 502 F.3d 192, 194 (2d Cir. 2007)

(dismissal without prejudice appropriate where service of process improper); *Kwan v. Schlein*,

441 F. Supp. 2d 491, 496-97 (S.D.N.Y. 2006) (dismissing complaint without prejudice for

improper service).

   B.   <u>False Arrest Claim</u>

   Plaintiff has brought a claim for false arrest against Defendant under 42 U.S.C. § 1983.

Claims for false arrest under § 1983 are analyzed under the law of the state in which the arrest

occurred.  *See Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004).  "Under New York law, to

prevail on a claim of false arrest a plaintiff must show that (1) the defendant intended to confine

him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the

confinement and (4) the confinement was not otherwise privileged."  *See Jocks v. Tavernier*, 316

F.3d 128, 134-35 (2d Cir. 2003) (internal quotation marks omitted).  An arrest by a police officer

is privileged if it is based on probable cause.  *Id.* at 135; *see Singer v. Fulton Cty. Sheriff*, 63 F.3d

110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the

arresting officer had probable cause.").  A subsequent conviction, including a guilty plea, is

conclusive evidence that probable cause existed for an arrest, *Cameron v. Fogarty*, 806 F.2d 380,

387 (2d Cir. 1986), and a plaintiff cannot challenge the validity of an arrest under § 1983 after

pleading guilty, *Maietta v. Artuz*, 84 F.3d 100, 102 n.1 (2d Cir. 1996); *Rodriguez v. Vill. of Ossining*, 918 F. Supp. 2d 230, 241 (S.D.N.Y. 2013).

Defendant moves to dismiss Plaintiff's claim for false arrest because Plaintiff pleaded guilty to two crimes that arose from the incident preceding the arrest made by Defendant Lahar on March 12, 2015. (D's Mem. 3-4.) The transcript of the June 15, 2015 hearing before the Hon. Robert H. Freehill in Orange County Court shows that Plaintiff pleaded guilty to resisting arrest and fleeing from a police officer in a motor vehicle on March 12, 2015. (Posner Aff. Ex. A, at 9:15-11:3.)[5] The conduct to which Plaintiff pleaded guilty is some of the same conduct that served as the basis for the arrest he claims to have been false. (Doc. 1.)[6] Because probable cause is an absolute defense for a false arrest claim, *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996), and because "a conviction of the plaintiff following the arrest is viewed as establishing the existence of probable cause," *Cameron*, 806 F.2d at 387, Plaintiff has not stated a claim for false arrest against Officer Lahar. Accordingly, this claim is dismissed with prejudice.

C. <u>Leave to Amend and Extension of Time to Serve</u>

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is "within the sound discretion of the district court to grant or deny leave to

---

[5] I may take judicial notice of proceedings in other courts. *See Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (internal quotation marks omitted); *Wims v. N.Y.C. Police Dep't*, No. 10-CV-6128, 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011) ("[A] district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including arrest reports, criminal complaints, indictments and criminal disposition data.") (internal quotation marks omitted).

[6] By law, however, it does not matter if the subsequent conviction is for a different offense than the one(s) the officer had in mind when he made the arrest. *See Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("[A] plaintiff is not entitled to damages under § 1983 for false arrest so long as the arrest itself was supported by probable cause, regardless of whether probable cause supported any individual charge identified by the arresting officer at the time of arrest."); *Davis v. City of N.Y.*, 373 F. Supp. 2d 322, 330 (S.D.N.Y. 2005) ("An officer retains probable cause to arrest a plaintiff even if the probable cause was for a crime different from what the police officers believed to have been committed.") (internal quotation marks omitted). Conviction for any offense arising from the incident bars a subsequent false arrest claim. *See Jaegly*, 439 F.3d at 154; *Davis*, 373 F. Supp. 2d at 330.

amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  "Leave to amend, though liberally granted, may properly be denied for:  'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Plaintiff has already been granted leave to amend, (Doc. 13), but has failed to do so.  Further, the problem with Plaintiff's false arrest claim is substantive and better pleading will not fix it.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, the Court will not *sua sponte* grant leave to amend.

Under FRCP 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).[7]  The complaint was filed on April 22, 2015.  (Doc. 1.)  On September 25, 2015, when the claims against the Defendants other than Officer Lahar were dismissed, Plaintiff was directed to serve Defendant Lahar within 120 days of the issuance of the summons.  (Doc. 9.)  As discussed, Plaintiff did attempt service on October 30, 2015, (*see* Doc. 15; Rola Aff. ¶ 1), but this service was improper under FRCP 4(c)(2) and 4(e)(1).  On January 6, 2016, the Court then gave Plaintiff until February 8, 2016 to effect proper service.  (Doc. 13.)  The Court also waived its normal requirement for a pre-motion conference, and set a briefing schedule for Defendant to file a motion to dismiss.  (*Id.*)  Plaintiff apparently received this notice because he attempted to serve Defendant Lahar on February 5, 2016, (*see* Posner Aff. ¶ 2), and then wrote a letter to the Court updating his address, (Doc. 14).  This service, however, was again improper.

---

[7] At the time Plaintiff filed his Complaint, Rule 4(m) allowed 120 days to effect service.

Plaintiff has had multiple opportunities to effect proper service on Defendant Lahar, but has failed to do so in accordance with FRCP 4(c), 4(d) and 4(m).  And he seems to have lost interest in pursuing this case.  Accordingly, I will not *sua sponte* grant Plaintiff more time to properly serve the summons and complaint.

**IV.**   **Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.  Plaintiff's false arrest claim is dismissed with prejudice, and the remainder of his complaint is dismissed without prejudice.  The Clerk of Court is respectfully directed to terminate the pending Motion, (Doc. 17), and close the case.

**SO ORDERED.**

Dated:  September 26, 2016
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.